Filed 4/25/23  P. v. Medina CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>JOSE CRUZ MEDINA,<br><br>     Defendant and Appellant. | B320319<br><br>(Los Angeles County<br>Super. Ct. No. KA121888) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Appellant Jose Cruz Medina appeals after pleading guilty to two sex offenses. His counsel filed an opening brief that raised no issues and requested independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We have independently examined the entire record and conclude no arguable issues exist. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

An information filed March 4, 2020 charged appellant with one count of oral copulation or sexual penetration of a child 10 years of age or younger (Pen. Code, § 288.7, subd. (b); count 1)[1], and two counts of lewd act upon a child under age 14 (§ 288, subd. (a); counts 2 and 3). The information further alleged a multiple victim enhancement on counts 2 and 3 (§ 667.61, subds. (a), (e)).

On May 12, 2021 appellant and the prosecution entered into a plea agreement. Pursuant to the agreement, the prosecution amended the information to add one count of continuous sexual abuse of a child under the age of 14 (§ 288.5, subd. (a); count 4). Appellant pled guilty to count 3 and the newly added count 4, and the prosecution dismissed the remaining charges and allegations. The parties agreed that appellant would be sentenced to the midterm of 12 years on count 4 and a consecutive term of two years (one-third the midterm) on count 3.

Prior to sentencing, appellant's counsel was relieved from representing him. Appellant's new counsel filed a motion to withdraw his plea based on previous counsel's alleged provision

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

of ineffective assistance.  The prosecution opposed the motion. The court denied the motion after a hearing.

The court sentenced appellant in accordance with the plea agreement:  12 years on count 4 and two years consecutive on count 3.  The court awarded appellant 1,136 days of custody credit.  It imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $60 criminal conviction assessment (Gov. Code, § 70373), and an $80 court operations assessment (§ 1465.8).  It also imposed and stayed a $300 parole revocation restitution fine (§ 1202.45).  The court imposed registration requirements (§ 290) and ordered appellant to provide a DNA sample (§ 296) and relinquish all firearms (§ 29810).

Appellant timely filed a notice of appeal from the judgment. He checked the box indicating the appeal was based on the sentence or other matters occurring after the plea.  He did not request, and the court did not issue, a certificate of probable cause.

## DISCUSSION

Appellant's appointed counsel filed a brief under *Wende, supra,* 25 Cal.3d 436, identifying no arguable issues and requesting this court conduct an independent review of the record.  We notified appellant that he had 30 days to file a supplemental brief raising any issues or contentions he wished this court to consider.  To date, we have received no response.

We have examined the entire record and discern no arguable issues.  By virtue of counsel's compliance with the *Wende* procedure and our review of the record, appellant has received adequate and effective appellate review of the judgment. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110; *Wende, supra,* 25 Cal.3d at p. 443.)

3

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:



CURREY, ACTING, P.J.



DAUM, J.*

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.